IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL R. EDGINGTON,**            **CASE NO. 2:07-cv-734**
                                              **JUDGE SMITH**
             **Petitioner,**                 **MAGISTRATE JUDGE KING**

       **v.**

**TIMOTHY BRUNSMAN, Warden,**

             **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the instant petition, respondent's return of writ and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURAL HISTORY

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On February 18, 2005, the Ross County Grand Jury indicted Edgington for rape, in violation of R.C. 2907.02. Edgington entered a plea of not guilty, and the matter proceeded to a jury trial. The state presented the testimony of the victim, R.E., and Jason Lemaster.
>
> R.E.'s testimony revealed that she met Edgington at a bowling alley in August of 2003, and over the next few months the two got to know each other. When they met, R.E. informed Edgington that she was fifteen years old, and Edgington informed her that he was eighteen years old.

>R.E. testified that, one evening in November of 2003, she met Edgington in the parking lot of her apartment complex. R.E. spoke to Edgington as he, Jason Lemaster, and Justin Lewis sat in Edgington's car. R.E. got into the backseat of Edgington's car and he drove to his residence. R.E. went into the residence with Edgington and Lemaster and sat down on a couch in the living room. Shortly thereafter, Edgington said that he had something to show R.E. and took her to his bedroom down the hall. Once in the bedroom, R.E. sat down on the bed. Edgington came toward her, causing her to fall backward so that she was lying on the bed. Edgington then began removing her pants and underwear. Despite R.E.'s repeated requests that he "stop," and her efforts to pull her pants back up, Edgington persisted in removing R.E.'s pants, laid on top of her and engaged in vaginal intercourse with her.
>
>Jason Lemaster testified that he recalled an evening when R.E. was at the residence he shared with Edgington, although he did not recall whether he accompanied Edgington when he went to get R.E. Lemaster remembered sitting and talking with his cousin, Justin Lewis, Edgington and R.E., and that, at some point, Edgington and R.E. walked down the hall to the bedroom. Lemaster testified that when they returned to the living room, approximately twenty minutes to one-half hour later, Edgington appeared "happy" and "normal," but that R.E. seemed different. He indicated that while she was very talkative before going to the bedroom, upon returning to the living room, she was "pretty quiet" and "didn't talk." Lemaster stated that about ten minutes after Edgington and R.E. came out of the bedroom, Edgington left to take R.E. home.
>
>After deliberating, the jury returned a guilty verdict. On August 17, 2005, the trial court sentenced Edgington to a mandatory prison term of seven years, to be served concurrently with the sentence Edgington was already serving for a separate offense.

*State v. Edgington*, 2006 WL 2023554 (Ohio App. 4th Dist. July 18, 2006). Represented by new

counsel, petitioner filed a timely appeal. He raised the following assignments of error:

> I. APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
>
> II. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL DUE TO THE MISCONDUCT OF THE PROSECUTING ATTORNEY.
>
> III. APPELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

*See id.* On July 18, 2006, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner did not timely appeal. Approximately one year later, on July 18, 2007, petitioner filed a motion for delayed appeal with the Ohio Supreme Court. *Exhibit 11 to Return of Writ.* On August 29, 2007, the Ohio Supreme Court denied petitioner's motion for delayed appeal. *Exhibit 14 to Return of Writ.*

On July 30, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Appellant's conviction was not supported by sufficient evidence.
>
> 2. Appellant was deprived of his right to the effective assistance of counsel.
>
> 3. Misconduct of the Court of Appeals, Ross County, Ohio, Fourth Appellate District.

It is the position of the respondent that petitioner's claims are procedurally defaulted

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional

3

rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground,

4

then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

In claim one, petitioner asserts that the evidence was constitutionally insufficient to sustain his convictions. In claim three, petitioner asserts that he was denied a fair trial due to prosecutorial misconduct. Both of these claims, being readily apparent from the face of the record, were properly raised on direct appeal; however, petitioner failed to file a timely appeal of the appellate court's July 18, 2006, decision rejecting these claims to the Ohio Supreme Court. Instead, on July 18, 2007, petitioner filed a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a), which motion was denied. The United States Court of Appeals for the Sixth Circuit has held that the Ohio Supreme Court's denial of a motion for delayed appeal constitutes a procedural ruling sufficient to bar federal habeas review of petitioner's claims. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). Petitioner has therefore waived his right to present claims one and three for federal habeas review.

In claim two, petitioner asserts that he was denied the effective assistance of trial counsel because his attorney failed to subpoena defense witnesses, failed to provide petitioner with complete discovery, failed to introduce statements from the alleged victim and failed to conduct adequate cross examination, and because defense counsel advised petitioner to testify on his own behalf at trial. None of the foregoing claims were presented

5

to the state courts. On direct appeal, petitioner argued only that he had been denied the effective assistance of counsel because his attorney failed to object to improper statements by the prosecutor in closing argument. *See State v. Edgington, supra.*

To the extent that these new allegations are readily apparent from the face of the record, the claims should have been raised on direct appeal, but were not. Petitioner may now no longer present such claims to the state courts under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were never given the opportunity to enforce the procedural rule at issue due to the nature of petitioner's procedural default. This Court deems the first and second parts of *Maupin* to have been met.

To the extent that these allegations rely on matters not apparent from the face of the record, such claims would have been properly raised in a petition for post conviction relief under O.R.C. §2953.21; however, the time for filing such an action has expired and any attempt now to pursue an untimely post conviction petition must meet the requirements of O.R.C. 2953.23. That statute provides:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
>
> (1) Either of the following applies:
>
> (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the

6

> petitioner must rely to present the claim for relief.
>
> (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
>
> (B) An order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code.

The record does not reflect that petitioner can meet this standard here.

This Court must decide whether the procedural rules at issue with respect to this claim constitute adequate and independent bases upon which to foreclose review of petitioner's second claim. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. Under this analysis, the procedural rules barring petitioner's second claim constitute adequate and independent state grounds for denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The requirement that all available claims be presented at the first

opportunity and the time limitations for filing appeals and post conviction petitions serve the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity.  Further, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine.  *See State v. Cole*, supra; *State v. Ishmail*, supra; *State v. Perry, supra*.  Accordingly, the Court concludes that petitioner has waived the right to present his second claim to this court for substantive review.

In sum, petitioner has waived his right to present claims one through three for federal habeas corpus review.  He can still secure review of these claims on the merits if he demonstrates cause for his failure to follow the state procedural rules as well as actual prejudice from the constitutional violations that he alleges. Petitioner has failed to establish cause for his procedural defaults.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333.  After review of the record, the Court does not deem this to be such a case.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10)

days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

June 30, 2008                                                                                     *s/Norah McCann King*
                                                                                                         Norah McCann King
                                                                                                         United States Magistrate Judge