## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MICHAEL R. EDGINGTON,**                    **CASE NO. 2:07-CV-734**
                                             **JUDGE SMITH**
            **Petitioner,**                  **MAGISTRATE JUDGE KING**

        **v.**

**TIMOTHY BRUNSMAN, Warden,**

            **Respondent.**

### OPINION AND ORDER

On June 30, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed.  Doc. No. 6.  Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.*  Doc. No. 8.  For the reasons that follow, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation that his claims be dismissed as procedurally defaulted.  Petitioner asserts that this Court should address the merits of his claims because he is actually innocent of the charges against him and because he was convicted on the basis of false testimony.  Petitioner further contends that application of *res judicata* to bar consideration of his claims is unjust.  As cause for his procedural defaults petitioner asserts the ineffective assistance of appellate counsel.  Finally, petitioner argues that the Ohio Supreme Court's denial of his motion for delayed

appeal does not constitute an adequate and independent State ground to preclude federal

habeas corpus review under *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).

Pursuant to 28 U.S.C. §626(b)(1) this Court has conducted a *de novo* review of the

*Report and Recommendation*.  None of petitioner's arguments are persuasive.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005) (footnote omitted).  Petitioner has failed

to meet this standard here.  Additionally, while the ineffective assistance of counsel may

constitute cause for a procedural default, such claim must have been presented to the state

courts, and cannot itself be procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 452

(2000).  Here, petitioner did not raise any ineffective assistance of appellate counsel claim in the state courts.  Such claim, therefore, cannot constitute cause for his failure to raise claims on direct appeal.  *Id*.  Further, the ineffective assistance of counsel cannot constitute cause for petitioner's failure to raise claims in post conviction proceedings or before the Ohio Supreme Court because petitioner had no right to counsel in such proceedings.  *See Gulertekin v. Tinnelman-Cooper,* 340 F.3d 415, 425 (6th Cir.2003), citing *Coleman v. Thompson,* 501 U.S. 722, 752-53  (1991); *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987).   Finally, as noted by the Magistrate Judge, the United States Court of Appeals for the Sixth Circuit has held that the Ohio Supreme Court's denial of a motion for delayed appeal constitutes an adequate and independent state ground to preclude federal habeas corpus review of petitioner's claims.  *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

For all the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT** in this action.

  s/George C. Smith
GEORGE C. SMITH
United States District Judge
